1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

MICHAEL HOWARD HUNTER,

10

Petitioner,

11

v.

12

JO ANNE B. BARNHART, Commissioner of
Social Security,

13

14

Respondent.

15

16

Case No.  C04-0347L

ORDER DENYING MOTIONS
TO VACATE JUDGMENT

## I.  INTRODUCTION

17
18
19
20
21
22
23

This matter comes before the Court on the following three motions filed by petitioner
Michael Howard Hunter ("Petitioner"): (1) a motion to vacate the judgment, appoint counsel and
for recusal (Dkt. #35); (2) an amended motion to vacate the judgment, appoint counsel and for
order producing files and hearing (Dkt. #36); and (3) a motion for hearing and for determining
the amended motion to vacate and to advance (Dkt. #39).  The petition and motions all seek
essentially the same relief, and the Court considers them together.

24
25
26

Petitioner seeks relief from judgment entered in this case on January 25, 2005.  At that
time, the Court denied Petitioner's request for the issuance of a writ of mandamus commanding
the Commissioner of Social Security (the "Commissioner") to pay benefits allegedly deducted

27
28

ORDER DENYING MOTIONS
TO VACATE JUDGMENT - 1

1  from his benefits checks.

2  ## II.  DISCUSSION

3  Pursuant to Fed. R. Civ. P. 60(b), a judgment may be vacated for any one of the

4  following reasons:

5  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
   which by due diligence could not have been discovered in time to move for a new trial

6  under 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4)
   the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason

7  justifying relief from the operation of the judgment.

8  Petitioner's motion to vacate does not assert that any of the specifically enumerated grounds

9  apply.  The Court therefore considers the motion under subsection 6.  Fed. R. Civ. P. 60(b)(6) is

10  an equitable remedy that should be applied only in extraordinary circumstances.  See, e.g.,

11  United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049-50 (9th Cir. 1993).

12  Petitioner makes several arguments in support of his motions to vacate the judgment.

13  First, Petitioner argues that his due process rights were violated because he did not receive a

14  judicial determination of competency or a guardian appointed pursuant to Fed. R. Civ. P. 17(c)

15  prior to entry of the judgment.  However, Petitioner never requested a competency

16  determination, never alleged that he was incompetent, and never presented any evidence of

17  incompetency.  The Court did not find that Petitioner was incompetent; indeed, his filings were

18  numerous and comprehensible.  Even construing his filings liberally, the Court finds that a

19  competency determination was not required.

20  Second, Petitioner sought relief from judgment and recusal based on this Court's alleged

21  bias.  He has subsequently withdrawn that claim.  (Dkt. ##38, 39).

22  Third, Petitioner argues that the Court erred in failing to allow him to obtain discovery.

23  The Court, however, never prohibited the parties from conducting discovery or denied any

24  requests for discovery.  Petitioner alleges that he was denied relief because "the other party has

25  unsubmitted proof."  Amended Motion to Vacate at p. 12.  Petitioner was not denied relief on

26  that basis.  Instead, the Court found that the Commissioner did not owe Petitioner a duty to

27

28  ORDER DENYING MOTIONS
   TO VACATE JUDGMENT - 2

provide him a hearing prior to recouping the overpayment of benefits.  Petitioner has not shown that extraordinary circumstances warrant vacating the judgment.

Fourth, Petitioner requests that the Court appoint counsel because he is entitled to relief and cannot obtain it without counsel.  Petitioner never moved for the appointment of counsel prior to the entry of judgment, and the appointment of counsel is not warranted now.  Finally, Petitioner also seeks a hearing to decide the issues presented in his motions.  The Court finds that a hearing is not required or necessary.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's motions to vacate the judgment and for other relief (Dkt. ## 35, 36, 39).


DATED this 14th day of November, 2005.


*Robert S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTIONS
TO VACATE JUDGMENT - 3